# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RAYMOND WEAVER,

      Plaintiff,            :       Case No. 3:07-cv-149

                                         District Judge Thomas M. Rose
    -vs-                             Chief Magistrate Judge Michael R. Merz

                                       :

CITY OF HUBER HEIGHTS, et al.,

      Defendant.

## REPORT AND RECOMMENDATIONS; ORDER TO CLERK

       This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>     (I) is frivolous or malicious;
>     (ii) fails to state a claim upon which relief can be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

       A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely

1

believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349. Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

The Court reads the Complaint to assert that Defendant Leon's Towing Service towed and then destroyed two of Plaintiff's automobiles without due process of law. The Complaint does not allege that Leon's was acting under a court order of any kind, but merely that the destruction happened while Plaintiff's case regarding a zoning violation was on appeal. If the Complaint were amended to allege that Leon's was somehow acting under a court or other state order, it might then state a claim for relief under 42 U.S.C. §1983; as presently pled, it does not do so.

The Court also reads the Complaint to allege that a bailiff of the Vandalia Municipal Court and a Corporal Steven Menand assaulted Plaintiff.[1] Assault is both a state law crime and a civil state law tort. This Court cannot institute a prosecution for the state law crime. As to the civil tort, that claim arises under Ohio law and thus must be brought against these two persons, who are not named

---

[1] Because the Complaint does not say that these are the same person, the Court assumes they are different persons.

as Defendants, in the courts of Ohio. That is to say, this Court does not have subject matter jurisdiction over an Ohio tort claim against either of these persons, even assuming they were added as defendants. If what Plaintiff intends to assert is that one or both of these persons arrested him without probable cause or used excessive force in making the arrest, that would state claims against these two Defendants under 42 U.S.C. § 1983 and the Fourth Amendment. However, neither of these persons is presently named as a defendant and the claims made, as presently pled, arise under state law.

Finally, Plaintiff has sued the City of Huber Heights. While that City may be the employer of Corporal Menand, the City is not liable for any constitutional violations committed by him just because it is his employer. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The Vandalia Municipal Court is a separate entity created directly by Ohio law; a bailiff employed by that Court would not in any way by his acts impose liability on the City of Huber Heights.

The Magistrate Judge concludes that the Complaint as presently filed does not state a claim upon which this Court can grant relief. It is accordingly recommended that the Complaint be dismissed without prejudice unless Plaintiff files an amended complaint correcting the deficiencies noted above.

The Clerk shall not issue process in this case pending further order of the Court.

April 30, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).